CLD-236                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2039
_____

IN RE:  HERBERT MCMILLIAN,

                                                    Appellant


_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Misc. Action No. 11-mc-00063)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2011
Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:  August 12, 2011)
_____

OPINION
_____

PER CURIAM

       Herbert McMillian alleges that he was employed by Trans World Airlines Inc.

("TWA"), from 1975 to 1979 and that TWA wrongfully terminated him and denied him

employment benefits.  He has raised these claims multiple times over the years, including

in TWA's bankruptcy proceeding.  The Bankruptcy Court disallowed his claims in 2004,

but McMillian has continued to assert them.  We have recognized in previous bankruptcy

1

appeals that these claims were previously litigated, see, e.g., In re Trans World Airlines, 363 F. App'x 213, 214-15 (3d Cir. 2010) (affirming District Court's dismissal of bankruptcy appeal as frivolous), and have held that they are barred by res judicata in at least one appeal from the dismissal of an independent action, see McMillian v. Trans World Airlines Inc., 331 F. App'x 103, 104 (3d Cir. 2009) (dismissing McMillan's appeal as frivolous).

In 2009, the District Court finally entered an injunction (which McMillian did not appeal) requiring McMillian to obtain its authorization before filing any complaint or other document regarding his 1979 termination and alleged denial of benefits. McMillian shortly thereafter sought permission to raise his claims again by amending a complaint, which the District Court denied. We summarily affirmed. See In re McMillian, 398 F. App'x 709, 710 (3d Cir. 2010).

McMillian then filed in the District Court the motion at issue here, which seeks yet again to raise his claims regarding his 1979 termination and alleged denial of benefits. The District Court denied the motion by order entered April 6, 2011. McMillian appeals, and has requested leave to proceed in forma pauperis ("IFP") on appeal. That request is granted. We have jurisdiction under 28 U.S.C. § 1291. Having granted McMillian leave to proceed IFP, we must determine whether this appeal should be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2)(B). We conclude that it should. An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). There is no arguable basis to challenge the District Court's conclusion that McMillian's claims have been previously litigated or its denial of McMillian's motion for

2

leave to raise them again. We caution McMillian that, if he persists in attempting to raise these claims in this Court, we will consider imposing sanctions, which may include an injunction barring filings in this Court without our prior authorization.

Accordingly, we will dismiss this appeal. McMillian's motion to disqualify TWA's counsel is denied.